ARTHUR MILLER, Respondent, v. NEW YORK RAPID TRANSIT CORPORATION and ALBERT CHATTERTON, Appellants.— Action to recover for false imprisonment and malicious prosecution. Judgment for the plaintiff reversed on the law and the facts and a new trial granted, costs to abide the event. The verdict is against the weight of evidence. This view stems from the character of certain elements of plaintiff's version of the incident involved and certain admissions made by him. Lazansky, P. J., Hagarty, Carswell, Johnston and Taylor, JJ., concur.

JOSEPH H. MURPHY, Appellant, v. ESTHER BLAND, ROSE EVANS, TEMMIE HEAPS, THE MOUNT VERNON TRUST CO. and NEW YORK STATE TEACHERS' RETIREMENT SYSTEM, Respondents, and REYNAL PARK CORPORATION, Defendant.— In an action to compel the determination of a claim to real property by limiting an easement for a driveway, or, in the alternative, for damages for breach of covenant against incumbrances, the complaint was dismissed on the merits. Plaintiff appeals. Judgment unanimously affirmed, with costs. It is not necessary to pass upon, and we do not pass upon, the rights of the mortgagee under its mortgage in the premises. Present — Lazansky, P. J., Carswell, Davis, Adel and Close, JJ.

MATILDA OLEZEWSKI, Also Known as MATILDA ALDER, Respondent, v. HELENA JOBLONSKI, JAMES S. STRONG, Appellants, and Another, Defendant.— In an action brought by plaintiff against Bridgehampton National Bank to recover the balance of the proceeds of an insurance policy in which plaintiff was the beneficiary, appellants, by an order of the court, were interpleaded as defendants in place of the bank, which was discharged from further liability, and the fund was allowed to remain on deposit in the bank to the credit of the action, subject to the order of the court. Thereafter plaintiff served upon appellants a supplemental complaint setting forth her claim to the fund, and appellants, by answer, set forth their respective claims to the fund. The issue as to who was entitled to the fund was then litigated. Judgment awarding the fund to plaintiff unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Taylor, JJ.

ORANGE COUNTY THEATRES, INC., Appellant, v. THE CITY OF NEWBURGH, JAMES D. TWEED, as Mayor, and WYGANT D. FOWLER and Others, as Councilmen, Composing the Council of the City of Newburgh, and FRED G. BROWN, as Chief of Police of Said City, Respondents.— In an action to restrain the enforcement of ordinances providing for a motion picture operators board and for the general regulation of picture machines and operators, judgment was rendered in favor of defendants on the merits. Judgment unanimously affirmed, with costs. The section of the ordinances requiring local residence as a condition to being examined for an operator's license is invalid, but it appears that the objectionable provision of the section has been removed and will not be enforced. Present — Lazansky, P. J., Hagarty, Carswell, Adel and Close, JJ.